This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellants, the Ohio Department of Mental Health ("ODMH") and Petros Development Corporation ("Petros"), appeal from the trial court's order that granted injunctive relief to the appellee, Forest City Land Group ("Forest City"). We affirm.
This case involves ODMH's request for bids regarding the sale of property. The first Request for Proposal (RFP) was issued in August 1997. This RFP indicated that (1) "[t]he successful proposal will be selected by a review committee made up of State and Township officials, as well as local citizens"; (2) "[t]he selection committee will make its preliminary selection(s) of a developer, redeveloper, or operator within thirty days after the receipt of the proposals"; and (3) "[t]he selection committee reserves the right to reject any and all proposals." After the deadline for bids passed, the committee commenced negotiations with Forest City. Petros attempted to submit an amended bid after the deadline, but the committee refused to accept it. Thereafter, a local newspaper published the amount of the bids. By letter dated January 9, 1998, ODMH announced the rejection of all the bids for the first RFP and issued a second, more specific, RFP. Forest City filed a complaint for an injunction in the trial court.
At the hearing on the injunctive relief complaint, ODMH revealed that it was concerned that it had failed to provide everyone with the same information and to give all potential bidders the same opportunity to negotiate. Testimony was also presented that Forest City and ODMH were still negotiating the length of the feasibility period and zoning issues. The letter signed by an employee of ODMH provided the following:
 [T]he Sagamore Hills Township Trustees and the Ohio Department of Mental Health are herein re-issuing a Request for Proposal regarding Sagamore Children's Hospital and adjacent [l]and located in Sagamore Hills Township and Summit County, Ohio. * * * [A]ll proposals pursuant to the previously issued RFP were rejected.
 On January 29, 1998, Forest City filed a complaint for injunctive relief to prevent the second RFP procedure from occurring and to require ODMH to continue its negotiations with Forest City in accordance with the first RFP. After conducting a hearing, the trial court issued a judgment entry that ordered the following:
 1. ODMH is enjoined from continuing with the second RFP.
 2. ODMH must reinstate the first RFP, and continue with the first RFP at the point where the parties left off.
 3. ODMH and Forest City must continue to bargain in good faith in the same manner as before the RFP was cancelled.
 4. ODMH must only consider bids that were submitted on or before the original deadline for submitting bids as specified by the first RFP. No party is to be allowed to amend its bid in anyway [sic].
 The appellants timely appeal and raise four assignments of error. Because two of ODMH's assignments of error and Petros' single assignment of error relate to whether the trial court abused its discretion by granting injunctive relief in favor of Forest City, we will address these assignments together. We have renumbered the assignments of error for ease of discussion.
 ASSIGNMENT OF ERROR I
The trial court erred in failing to determine that the relief requested by plaintiff below was barred by the Statute of Frauds.
ODMH asserts that the trial court erred in granting relief to Forest City because such relief was barred by the Statute of Frauds. We disagree.
In this case, Forest City requested injunctive relief relating to a bidding process. The Statute of Frauds, a defense to a contract claim, establishes that particular types of contracts are unenforceable unless they are in writing. See In reEstate of Weber (1960), 170 Ohio St. 567, 570-71. In this case, Forest City did not file a claim seeking relief from or the enforcement of a contract. Accordingly, ODMH's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court erred in finding that the State abused its discretion in terminating the first bid process and calling for new bids.
 ASSIGNMENT OF ERROR III
The trial court erred by granting equitable relief without the prerequisite showing of a clear duty on the part of the state agency to perform the act requested, and without a prerequisite showing of harm to the party requesting relief.
 ASSIGNMENT OF ERROR IV
The trial court erred and abused its discretion in granting Plaintiff-Appellee's request for injunctive relief.
The appellants propound that the trial court abused its discretion by finding that ODMH had abused its discretion in the bidding process and by granting injunctive relief to Forest City. We disagree.
Public agencies possess discretion when engaging in a process of competitive bidding. Cedar Bay Constr., Inc. v. Fremont
(1990), 50 Ohio St.3d 19, 21-22. See, also, Dayton ex rel.Scandrick v. McGee (1981), 67 Ohio St.2d 356, 358-59. Although agencies possess broad discretion in the process of competitive bidding, this discretion is not unbridled. Public officers are presumed to have properly performed their duties, but a court may interfere when evidence is presented to the contrary. See Stateex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,590. In addition, "[w]here a bid deviates from the specifications or instructions in such a way that the competitive nature of the bidding process is destroyed, a suit may enjoin the execution of a contract on that bid." Wilson Bennett, Inc. v.Greater Cleveland Regional Transit Auth. (1990), 67 Ohio App.3d 812,819. See, e.g., Eikenbary v. City of Dayton (1964), 3 Ohio App.2d 295,311. In addition, an appellate court reviews a trial court's order that grants injunctive relief by determining whether the trial court abused its discretion. Danis Clarkco Landfill Co.v. Clark Cty. Solid Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus, citing Garono v. State (1988),37 Ohio St.3d 171, 173.
The Supreme Court of Ohio has recognized that injunctive relief was not warranted where an entity substantially complied with its RFP, and the Court reversed an appellate court's finding that the entity abused its discretion. Danis Clarkco Landfill Co.v. Clark Cty. Solid Waste Mgt. Dist. (1995),73 Ohio St.3d at 604-06. The Court specifically noted that "[w]hen an award decision is based upon criteria expressly set forth in a bidding proposal, no abuse of discretion occurs." Id. at 604, citingKokosing Constr. Co. v. Dixon (1991), 72 Ohio App.3d 320, 326. Nonetheless, the Court has noted that where alleged political overtones and an unannounced policy of favoring resident bidders existed, the absence of announced standards for a bidding process amounted to an abuse of discretion. Dayton ex rel. Scandrick v.McGee, 67 Ohio St.2d at 359-60. The Court has concluded that such conduct supported the granting of an injunction that prohibited city officials from making a contract with a particular bidder and from making any payments to that particular bidder. Id.
In the case at bar, ODMH was concerned about (1) the publication of the bids after the bid deadline in the local newspaper, (2) the length of the feasibility period that it was negotiating with Forest City, and (3) whether it had provided all potential bidders a fair opportunity to compete. An employee of ODMH, not the selection committee as defined by the first RFP, rejected the first RFP and re-issued a second RFP. Because ODMH had abused its discretion by failing to abide by its own RFP and relenting to political pressures, the trial court did not abuse its discretion by ordering injunctive relief.
Based on the foregoing, the appellants' second, third, and fourth assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
CARR, J.
CACIOPPO, J.
CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)